# Deutsche Bank Natl. Trust Co. v Blount

2024 NY Slip Op 33643(U)

October 9, 2024

Supreme Court, Kings County

Docket Number: Index No. 15194/2008

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 9th day of October, 2024.

PRESENT:

HON. DEREFIM B. NECKLES,

Acting Justice.

-------------------------------------------------X

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDER OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE1,

Plaintiff,

- against -

Index No. 15194/2008

TIJUANA BLOUNT, NEW YORK CITY ENVIORNMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, UMLIC VP LLV, RONALD BLOUNT, CANDICE MORSON,

Defendants.

-------------------------------------------------X

The following e-filed papers read herein:

| | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Affidavits (Affirmations) Annexed | 5-38 |
| Opposition Affirmation to Motion | 39-46 |
| Reply Affirmation to Opposition | 48-52 |

Upon the foregoing papers in this proceeding to foreclose a mortgage encumbering the real property located at 445 Warren Street, Brooklyn, NY 11217, plaintiff moves (under mot. seq. 5) for an order (1) awarding plaintiff summary judgment against defendant Tijuana Blount pursuant to CPLR §3212, (2) striking the verified answer interposed on behalf of defendant, (3) awarding plaintiff default judgment pursuant to CPLR §3215

[* 1]

against all non-appearing defendants, (4) appointing a referee to compute the sums due and owing to plaintiff pursuant to RPAPL §1321, and (5) awarding the costs of this motion to plaintiff.

### Background

Plaintiff commenced this action on May 23, 2008, and defendant Tijuana Blount interposed a verified answer on July 31, 2008. Plaintiff was previously granted a motion for summary judgment and an order of reference on April 22, 2016. Defendant appealed this order, and the Appellate Division partially reversed the branches of the order striking defendant's answer and affirmative defenses, and for an order of reference. The Appellate Division found that plaintiff failed to establish the admissibility of records under the business records exception as the mortgage servicer's employee did not attest that he was personally familiar with the record keeping practices and procedures of plaintiff. While the appeal was pending the court granted plaintiff an order for a judgment of foreclosure and sale one January 7, 2019. The parties then filed a so-ordered stipulation vacating and setting aside the judgment of foreclosure and sale.

Plaintiff now files the instant motion as its second attempt for summary judgment against the defendant.

### Discussion

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324,

[* 2]

501 N.E.2d 572, 574 (1986)). The plaintiff has established its prima facie entitlement to foreclosure as a matter of law by submitting evidence of the execution of the note and mortgage and defendant's failure to make payment in accordance with its terms (*FGH Realty Credit Corp. v. VRD Realty Corp.*, 647 N.Y.S.2d 229 (1996)). Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*Zuckerman v. City of New York*, 427 N.Y.S.2d 595).

While plaintiff contends that they have established a prima facie entitlement to foreclosure by submitting evidence of the note and mortgage and the defendant's default, there still remains the issue of whether the plaintiff complied with the default notice requirements of the mortgage. Plaintiff submits an affidavit from Richard Tristan, the senior loan analyst of Ocwen Financial Corporation, stating that he is personally familiar with and routinely reviews the business's servicing records. Tristan refers to a copy of the Notice of Default letter, with an unsigned USPS certified mail label, dated March 7, 2008, indicating that the default letter was mailed to the defendant. Like the plaintiff in *HSBC Mtge Corp. v. Gerber*, the unsubstantiated and conclusory statements in the servicer's affidavit that the required notice of default was sent in accordance with the terms of the mortgage, combined with the copy of the notice of default, failed to establish that the required notice was mailed to the defendant (100 A.D.3d 966, 967 (2012)).

3

[* 3]

Additionally, successive motions for summary judgment are disfavored and should only be entertained when they are substantively valid and the granting of the motion will further the end of justice and eliminate unnecessary burden on the resources of the courts (*Graham v. City of New York*, 24 N.Y.S.3d 754).

Here, plaintiff is making its second attempt at summary judgment, but fails to establish that it complied with default notice requirements of the mortgage. Plaintiff fails to prove that this motion is substantively valid.

Accordingly, it is

**ORDERED** that plaintiff's motion for summary judgment is denied in its entirety.

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.

2024 OCT 11 A 10: 05

KINGS COUNTY CLERK
FILED

4